UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| LOUIS ROMAN, | CIVIL ACTION NO. |
| Plaintiff, | 3:16-cv-1988 (JCH) |
| v. | |
| RICHARD M. LEIBERT et al., | MAY 12, 2017 |
| Defendants. | |

**RULING ON MOTIONS TO DISMISS (DOC. NOS. 29, 33, AND 38), AND MOTION FOR JUDGMENT AS A MATTER OF LAW (DOC. NO. 46)**

**I.    INTRODUCTION**

In this action, the plaintiff, Louis Roman ("Roman"), pro se, sues dozens of defendants in connection with the ongoing mortgage foreclosure proceedings on Roman's home. See Second Am. Compl. (Doc. No. 18) at 1–2. Roman makes various allegations relating to those proceedings and asks this court to void the mortgage lien on his home. See Second Am. Compl. at 5.

One group of defendants, consisting of the Honorable Superior Court Judge Patrick L. Carroll, III, the Honorable Superior Court Judge Barbara N. Bellis, the Honorable Superior Court Judge Theodore R. Tyma, the Honorable Superior Court Judge John F. Blawie, the Honorable Superior Court Judge Michael Hartmere, the Honorable Superior Court Judge Alfred J. Jennings, Jr., the Honorable Superior Court Judge Richard Gilardi, Connecticut Senator Gary A. Holder-Winfield, and Michele Sensale (collectively, the "State Defendants"), move to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) for lack of subject matter jurisdiction,

1

insufficient service of process, and failure to state a claim upon which relief can be granted.  See State Defs.' Mot. to Dismiss (Doc. No. 29) at 1.  A second group of defendants, consisting of Brian D. Rich, BNY Western Trust, and the Bank of New York Mellon (collectively, the "BNY Defendants"), move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  See BNY Defs.' Mot. to Dismiss (Doc. No. 33) at 1–2.  A third group of defendants, consisting of Richard M. Leibert, Bruce Fair, Benjamin T. Staskiewicz, and Geoffrey K. Milne, all of whom are associated with McCalla Raymer Leibert Pierce, LLC (MRLP) (collectively, the "MRLP Defendants"), move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1]  See MRLP Defs.' Mot. to Dismiss (Doc. No. 38) at 1.  Lastly, Roman has filed a Motion for Judgment as a Matter of Law (Doc. No. 46).

Because the court concludes that it lacks subject matter jurisdiction as to any claim in the Second Amended Complaint, the State Defendants' Motion to Dismiss and the MRLP Defendants' Motion to Dismiss are both granted.  All claims are dismissed against all defendants.  Therefore, the BNY Defendants' Motion to Dismiss under Rule 12(b)(6) and Roman's Motion for Judgment as a Matter of Law are both terminated as moot.

---

[1] The remaining defendants, IndyMac Mortgage Bank, Washington Mutual, the Federal Deposit Insurance Corporation (FDIC), NorthEast Mortgages, MRLP itself, and Marty M. Stone ("Stone") have not appeared.

**II.    FACTUAL BACKGROUND**[2]

This case arises out of the mortgage foreclosure proceedings on Roman's home. See Second Am. Compl. at 3.  Because Roman's home is in foreclosure, he has been unable to sell it.  See id. at 15.

BNY Western Trust filed a foreclosure action ("the State Court Foreclosure Action") relating to Roman's home on November 14, 2000, in Connecticut state court. See id. at 3; Docket in Bank of New York Trustee v. Diane L. Roman, Docket No. FBT-CV-00-0378565-S (Conn. Super. 2000) (Doc. No. 34-1, and available online[3]). Although instituted over sixteen years ago, the State Court Foreclosure Action is still ongoing.  See id.  In connection with that action, BNY Western Trust represented to the Connecticut state court that BNY Western Trust was incorporated in Kentucky.  See Second Am. Compl. at 3.  At some point, Bank of New York Mellon was substituted for BNY Western Trust as the plaintiff in the State Court Foreclosure Action.  See id. at 3. The law firm MRLP represented the Bank of New York Mellon.  See Docket in Bank of New York Trustee v. Diane L. Roman.  In connection with the State Court Foreclosure Action, the parties referred to in this action as the BNY Defendants forged assignments of mortgages.  See Second Am. Compl. at 2.  In 2006 and 2008, Roman, and possibly

---

[2] The court takes the factual background from Roman's Second Amended Complaint and from the Connecticut state court docket.  In considering whether the court has subject matter jurisdiction, the court accepts all factual allegations in the Second Amended Complaint as true and draws all reasonable inferences in Roman's favor.  See Carter v. Healthport Techs., LLC, 822 F.3d 47, 57 (2d Cir. 2016). However, the court does not accept as true the Second Amended Complaint's "legal conclusion[s] couched as [ ] factual allegation[s]."  Sharkey v. Quarantillo, 541 F.3d 75, 83 (2d Cir. 2008).

[3] http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FBTCV000378565S.

3

others, offered to pay certain money to certain parties who are defendants in this action, but the defendants refused to accept the payment.[4] See id. at 8.

On July 12, 2016, Roman filed for bankruptcy. See id. at 5. The BNY Defendants caused multiple parties to enter into the federal bankruptcy action. See id. at 5. The BNY Defendants also entered into evidence in the bankruptcy action a mortgage assignment. See id. at 5. There were two other mortgage assignments which the BNY Defendants did not enter into evidence. See id. at 5.

Roman alleges that the State Court Foreclosure Action was "illegal," that the attorneys in the State Court Foreclosure Action lacked standing to proceed in state court, and that the state court lacked subject matter jurisdiction over the foreclosure action. See id. at 2. Roman also alleges that neither BNY Western Trust nor Bank of New York Mellon exist as legal entities, see id. at 3–4, and that he owes no debt to the defendants, see id. at 9.[5]

## III. LEGAL STANDARD

"The party invoking federal jurisdiction bears the burden of establishing that [subject matter] jurisdiction exists." Sharkey v. Quarantillo, 541 F.3d 75, 82 (2d Cir. 2008) (internal quotation marks omitted). A claim is properly dismissed "under [Federal

---

[4] While the Second Amended Complaint refers to "[d]efendant(s)" offering to pay and "[t]he [p]laintiff" refusing to accept payment, based on context—such as a reference to Hunt Leibert & Jacobson as "the Plaintiff's legal counsel"—the court construes the Second Amended Complaint to refer to Roman, and possibly others, offering to pay certain parties who are defendants in this action. See id. at 8.

[5] The allegations discussed in this paragraph constitute mere "legal conclusion[s] couched as [ ] factual allegation[s]," which the court does not accept as true. Sharkey, 541 F.3d at 83. Nevertheless, even if Roman had plausibly alleged facts from which the court could infer that (1) the State Court Foreclosure Action was illegal, (2) Connecticut law requires attorneys to have standing to represent clients in state court and the attorneys lacked standing, (3) neither BNY Western Trust nor Bank of New York Mellon exist as legal entities, and (4) Roman owes no debt to any of the defendants, such facts would not provide this court with subject matter jurisdiction.

4

Rule of Civil Procedure] 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it." Cortland St. Recovery Corp. v. Hellas Telecomms., S.A.R.L., 790 F.3d 411, 416–17 (2d Cir. 2015) (internal quotation marks omitted). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." Carter v. Healthport Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016). When ruling on a facial Rule 12(b)(1) motion—one that relies on the facts alleged in a complaint—the court accepts the allegations as true and draws all reasonable inferences in favor of the plaintiff. See id. at 56–57. However, in adjudicating such a motion, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Sharkey, 541 F.3d at 83 (internal quotation marks omitted).

A federal court generally has subject matter jurisdiction over a civil case if it has either federal question jurisdiction or diversity jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Diversity jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between[ ] citizens of different States." 28 U.S.C. § 1332(a)(1). The requirement that the action must be between citizens of different states has "consistently been held to require complete diversity of citizenship." Owen Equipment & Erection v. Kroger, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id. at 373.

## IV.   DISCUSSION

### A.   Subject Matter Jurisdiction

The State Defendants and the MRLP Defendants both argue that this court lacks subject matter jurisdiction.  See State Defs.' Mot. to Dismiss (Doc. No. 29) at 1; MRLP Defs.' Mot. to Dismiss (Doc. No. 38) at 1.  The court agrees.

This court previously issued an Order to Show Cause (Doc. No. 13) to Roman, stating that,

> [t]his action . . . contains three counts.  Count I alleges the state law tort of libel.  See Compl. (Doc. No. 1) at 13[; see also Second Am. Compl. at 15].  Count II seeks declaratory judgment of the validity of a mortgage lien.  See [Compl.] at 14[; see also Second Am. Compl. at 16].  Count III alleges the state law tort of abuse of process.  See [Compl.] at 15[; see also Second Am. Compl. at 17].  It is not clear to the court that any of these counts arise under federal law.  Furthermore, complete diversity does not appear to exist.  Roman, a plaintiff, appears to be a citizen of Connecticut, based on the address that he provided to the court.  See Docket.  The defendants include multiple Connecticut state judges, see Compl. at 1, as well as an individual whom Roman represents to be "the Managing Partner of the largest foreclosure law firm in the state," see Letter (Doc. No. 12).

Order to Show Cause.  The court asked Roman to show cause "why this action should not be dismissed for lack of subject matter jurisdiction."  Id.

Roman responded by asserting that "[f]ederal [l]aws have been violated." Response to Order to Show Cause (Doc. No. 17) at 1.  As purported violations of federal law, Roman listed (1) "14th Amendment due process violations," (2) "[f]raud against the court," (3) assigning a mortgage without having the right to do so, (4) receiving a mortgage assignment without having a right to do so, (5) a notary authorizing an assignment without being "a legal Notary in California," (6) misleading a court, (7) filing false documents, (8) failure to apply certain funds to certain principle, (9)

6

refusal of payoffs, (10) violation of the Federal False Claims Act, 31 U.S.C. § 3729, (11) violation of the Federal Stolen Properties Act, 18 U.S.C. § 2314, (12) misprision of a felony, (13) conspiracy against rights, in violation of section 241 of title 18 of the United States Code, (14) deprivation of rights under color of law, in violation of section 242 of title 18 of the United States Code, and (15) counterfeiting of a financial instrument. See Response to Order to Show Cause at 1–2.

The court is not persuaded by Roman's argument that his Second Amended Complaint alleges a violation of federal law. First, many of the purported "[f]ederal" law violations that Roman lists are <u>not</u>, at least without more, violations of federal law. <u>See id.</u> at 1. Specifically, the court is unaware of any federal law that would <u>per se</u> be violated by "[f]raud against" a state court (2), assigning a mortgage without having the right to do so (3), receiving a mortgage assignment without having a right to do so (4), a notary authorizing an assignment without being "a legal Notary in California" (5), misleading a state court (6), filing false documents with a state court (7), failure to apply certain funds to certain principle (8), or refusal of payoffs (9). It is conceivable that, under some circumstances, one or more of these listed items could make up part of a violation of a federal law, but Roman has alleged no such circumstances here. These allegations therefore cannot meet Roman's "burden of establishing that jurisdiction exists." <u>Sharkey</u>, 541 F.3d at 82.

Some of the items listed in Roman's Response to the Order to Show Cause are in fact violations of federal law. These include "14th Amendment due process violations" (1), violation of the Federal False Claims Act, 31 U.S.C. § 3729 (10), violation of the Federal Stolen Properties Act, 18 U.S.C. § 2314 (11), misprision of a felony (12),

7

conspiracy against rights, in violation of section 241 of title 18 of the United States Code (13), deprivation of rights under color of law, in violation of section 242 of title 18 of the United States Code (14), and counterfeiting of a financial instrument under sections 471 to 478 of title 18 of the United States Code (15).  However, the court concludes that none of these federal causes of action are the basis of the harm complained of in Roman's Second Amended Complaint, and that none of these federal causes of action appear in a "properly pleaded" complaint.  <u>Caterpillar</u>, 482 U.S. at 392.  Rather, based on the court's review of Roman's Second Amended Complaint, Roman's true concerns appear to be as follows:  First and foremost, Roman does not want his home foreclosed upon.  <u>See, e.g.</u>, Second Am. Compl. at 3, 5, 15.  This concern does not constitute a federal cause of action.  Second, Roman believes that the BNY Defendants behaved dishonestly and fraudulently in connection with the State Court Foreclosure Action.  <u>See id.</u> at 1, 3.  While such behavior may constitute a state cause of action, it does not, without more, constitute a federal cause of action.  Third, Roman believes that the state court acted improperly by presiding over a case for which the state court lacked jurisdiction.  <u>See id.</u> at 1, 3–4. Because state law determines the state court's jurisdiction, <u>see, e.g.</u>, <u>State v. Ramos</u>, 306 Conn. 125, 133 (2012) (defining Superior Court jurisdiction with reference to Connecticut constitution), the allegation that a Connecticut court heard a case for which it lacked jurisdiction is simply an allegation that the state court made an error of state law.  The allegation that a state court made an error of state law, without more, does not constitute a federal cause of action.  To the contrary, the Supreme Court has "long recognized that a mere error of state law is not a denial of due process."  <u>Swarthout v. Cooke</u>, 562 U.S. 216, 222 (2011) (internal

8

quotation marks omitted). The rule that "a mere error of state law is not a denial of due process" applies to state court foreclosure proceedings. Gray v. Pagano, 287 F. App'x 155, 158 (3d Cir. 2008) (internal quotation marks omitted). This "mere error of state law" rule also applies to the allegation that a state court decided a case for which, pursuant to state law, it lacked jurisdiction. Fisher v. Hartley, No. 1:09-CV-720, 2011 WL 43475, at *3 n.3 (E.D. Cal. Jan. 6, 2011); Wells v. Watson, No. 3:08-CV-244, 2008 WL 4790648, at *1 (E.D. Va. Oct. 28, 2008). Moreover, as explained below, the alleged federal violations that Roman lists in his Response to the Order to Show Cause do not relate to the factual allegations of Roman's Second Amended Complaint, and thus do not appear "on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392.

Specifically, while the Second Amended Complaint does mention the Fourteenth Amendment's due process requirement, this mention of due process is simply tacked onto the count alleging the state law tort of abuse of process. See Second Am. Compl. at 17. Roman at no point explains how he was deprived of due process. The only accusation Roman makes against state actors is that the state court exercised jurisdiction improperly. See id. at 2–4. Even assuming this court were to accept Roman's conclusory allegation that the state court exercised jurisdiction improperly—which this court does not accept—such exercise of jurisdiction would only implicate state law and would not deprive Roman of due process. See Swarthout, 562 U.S. at 222. The Second Amended Complaint does not contain any factual allegations of deficiencies in the "process" afforded Roman by the state court. See Second Am. Compl. For instance, Roman does not allege that he was precluded from raising his

9

argument about the state court's alleged lack of jurisdiction in state court, that he was precluded from appealing the state trial court's decision to exercise jurisdiction, or that the state court's exercise of jurisdiction prevented him from receiving a fair opportunity to present his case. The Federal False Claims Act is similarly inapplicable. That Act involves false claims presented to, or involving funds to be used on behalf of, the United States Government. See 31 U.S.C. § 3729(b)(2)(A). The case at bar involves no such claims. The Federal Stolen Properties Act involves the movement of items between states. See 18 U.S.C. § 2314. The Second Amended Complaint alleges no such interstate movement. The federal crime of misprision of a felony involves the concealment of a federal felony. See 18 U.S.C. § 4. The Second Amended Complaint involves no federal felony, nor concealment of the same. The federal crimes of conspiracy against rights and deprivation of rights under color of law allow prosecution of those who have deprived a victim of a right secured by the Constitution or by another federal law. See 18 U.S.C. §§ 241–42. Roman has not plausibly alleged that he was deprived of any right secured by the Constitution or any other federal law. Lastly, the federal crime of counterfeiting a financial instrument prohibits the counterfeiting of obligations or securities of the United States. See 18 U.S.C. § 471. The Second Amended Complaint does not discuss obligations or securities of the United States. Moreover, "federal criminal statutes do not provide private causes of action." Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009); see also Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86–87 (2d Cir. 1972) ("It is a truism . . . that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints."). Therefore, none of the federal criminal laws listed in Roman's

Response provide federal question jurisdiction for an individual seeking to assert a cause of action. The court sees no other basis for federal question jurisdiction. Roman, as "[t]he party invoking federal jurisdiction" has failed to meet his "burden of establishing that" federal question "jurisdiction exists." Sharkey, 541 F.3d at 82.

Roman also argues in his Response to the Order to Show Cause that the court has diversity jurisdiction. See Response to Order to Show Cause at 2. However, Roman's Response states that Roman is a citizen of Connecticut and that certain defendants are also citizens of Connecticut. See id. at 2. Roman thus has failed to meet his "burden of establishing that" diversity "jurisdiction exists," Sharkey, 541 F.3d at 82, because Roman has failed to establish "complete diversity of citizenship," Owen Equipment, 437 U.S. at 373.

Because he has shown neither that federal question jurisdiction exists nor that diversity jurisdiction exists, Roman has failed to meet his burden of establishing that this court has subject matter jurisdiction.

Moreover, even if the court would otherwise have had subject matter jurisdiction, the doctrine of abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971) ("Younger abstention") deprives this court of subject matter jurisdiction. Younger abstention embodies "the notion of 'comity,' that is, a proper respect for state functions . . . and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Younger, 401 U.S. at 44. Younger generally precludes a federal court from exercising jurisdiction over a case that involves or calls into question ongoing state proceedings. Id. at 43–44; Glatzer v. Barone, 394 F. App'x 763, 764 (2d Cir. 2010) ("Under Younger,

federal courts must abstain from exercising subject matter jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."). Here, the underlying State Court Foreclosure Action is ongoing. See Docket in Bank of New York Trustee v. Diane L. Roman, Docket No. FBT-CV-00-0378565-S (Conn. Super. 2000).

While Younger itself involved state criminal proceedings, the abstention doctrine also applies "to bar federal relief in certain civil actions." Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013). A state foreclosure action, like the underlying State Court Foreclosure Action here, is one of the types of actions in which federal courts abstain from interfering, pursuant to Younger. See Gray, 287 F. App'x at 158–59; Santana v. Fed. Nat'l Mortg. Ass'n, No. 115-CV-1424 (TJM/DJS), 2016 WL 676443, at *2 (N.D.N.Y. Feb. 18, 2016) (collecting cases). Roman's allegations of impropriety are all associated with the State Court Foreclosure Action. This case thus "involves" and, if the court were to accept Roman's arguments, would "call[ ] into question," the "ongoing" State Court Foreclosure Action. See Glatzer, 394 F. App'x at 764. Due to Younger abstention, this court thus would lack subject matter jurisdiction over the instant litigation even in the face of a federal question or complete diversity.

Because the court lacks subject matter jurisdiction, the case is dismissed against all defendants. This dismissal is based upon one of the grounds argued in the State Defendants' Motion to Dismiss (Doc. No. 29) and the MRLP Defendants' Motion to Dismiss (Doc. No. 38). See State Defs.' Mot. to Dismiss at 1 (arguing lack of subject matter jurisdiction); MRLP Defs.' Mot. to Dismiss at 1 (same). These two Motions to Dismiss are thus granted.

B.     Service

While the foregoing demonstrates that the court lacks jurisdiction over any claim sought to be asserted by Roman against any defendant, the court notes for the record that the court previously raised the issue of lack of service. See Second Order to Show Cause (Doc. No. 24). The court ordered Roman to demonstrate proper service. See id. Roman's Response did not demonstrate service at all as to three of the non-appearing defendants, Washington Mutual, NorthEast Mortgages, and MRLP. See Response to Second Order to Show Cause (Doc. No. 37). Moreover, Roman's only proof of "service" on the other three non-appearing defendants—IndyMac Mortgage Bank, Federal Deposit Insurance Corporation (FDIC), and Marty M. Stone ("Stone")—was proof of "service" by mail, at the defendants' addresses. See id. at 2, 4, 7. This is not valid service. Service by mail is not one of the methods outlined in Federal Rule of Civil Procedure 4 for service on a corporation, such as Mortgage Bank, or an individual, such as Stone. See Fed. R. Civ. P. 4(e)(2),(h)(1)(B). Moreover, merely mailing documents to a defendant's address does not comply with Rule 4's requirements for service on a United States agency, such as the FDIC. See Fed. R. Civ. P. 4(i) (requiring service upon local United States Attorney's Office and United States Attorney's Office in Washington, DC, in addition to service upon agency itself).

Rule 4 allows, as an alternative to the methods outlined therein, service in accordance with state law. See Fed. R. Civ. P. 4(e)(1),(h)(1)(A). However, service by mail does not satisfy the applicable Connecticut service of process requirements, either. See Conn. Gen. Stat. § 52-57(a),(c).

Therefore, to the extent that the defendants Washington Mutual, NorthEast

13

Mortgages, MRLP, IndyMac Mortgage Bank, FDIC, and Stone did not move to dismiss because they were not properly served and have not appeared, the court dismisses all claims against these non-appearing defendants for the additional reason of lack of proper service.[6]

Because the court lacks jurisdiction over this controversy, the court does not consider (1) the defendants' other arguments for dismissal, or (2) Roman's argument that the court should grant judgment in his favor as a matter of law. The BNY Defendants' Motion to Dismiss (Doc. No. 33) and Roman's Motion for Judgment as a Matter of Law (Doc. No. 46) are thus terminated as moot.

## V. CONCLUSION

For the foregoing reasons, the State Defendants' Motion to Dismiss (Doc. No. 29) and the MRLP Defendants' Motion to Dismiss (Doc. No. 38) are both **granted**. All claims against all defendants are **dismissed**. The BNY Defendants' Motion to Dismiss (Doc. No. 33) and Roman's Motion for Judgment as a Matter of Law (Doc. No. 46) are both **terminated as moot**. The Clerk is directed to **close** the case.

**SO ORDERED**.

Dated this 12th day of May, 2017, at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[6] The State Defendants also move to dismiss all individual capacity claims against them on the grounds that the State Defendants were only served properly in their official capacities, and were not served properly in their individual capacities. See Mem. in Supp. of State Defs.' Mot. to Dismiss (Doc. No. 29-1) at 11–12; see also Response to Second Order to Show Cause at 9–17 (for State Defendants, reflecting only service at the Office of Attorney General). The aspect of the State Defendants' Motion to Dismiss that seeks dismissal of individual capacity claims is also granted on this additional ground.