UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOUIS ROMAN,<br>Plaintiff,<br><br>v.<br><br>RICHARD M. LEIBERT et al.,<br>Defendants. | CIVIL ACTION NO.<br>3:16-cv-1988 (JCH)<br><br><br>SEPTEMBER 26, 2017 |

**RULING RE: MOTION FOR RECONSIDERATION (DOC. NO. 49)**

In this action, the plaintiff, Louis Roman ("Roman"), pro se, sued dozens of defendants in connection with the ongoing mortgage foreclosure proceedings on Roman's home. See Second Am. Compl. (Doc. No. 18) at 1–2. On May 12, 2017, this court entered a Ruling granting defendants' Motions to Dismiss (Doc. Nos. 29 and 38) for lack of subject matter jurisdiction. See Ruling (Doc. No. 47); Judgment (Doc. No. 48). On May 30, 2017, Roman filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

"The standard for granting a motion for reconsideration is strict." Ricciuti v. Gyzenis, 832 F. Supp. 2d 147, 165 (D. Conn. 2011) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)); see also D. Conn. Civ. R. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions."). The three primary grounds for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citations omitted). The court should only grant reconsideration "when the 'moving party can point to controlling

1

decisions or data that the court overlooked' and 'that might reasonably be expected to alter the conclusion reached by the court.'" Doe v. Winchester Bd. of Educ., No. 10-CV-1179, 2017 WL 662898, at *2 (D. Conn. Feb. 17, 2017) (citing Shrader, 70 F.3d at 256–57). Additionally, "[a] motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved." Id. (citing Pierce v. Lee, No. 3:08-CV-1721 (VLB), 2010 WL 4683911, at *1 (D. Conn. Nov. 4, 2010)).

Roman's Motion for Reconsideration does not satisfy this stringent standard. Instead, Roman simply asks the court to relitigate the merits of his Complaint. See, e.g. Mot. for Reconsideration at ¶ 7 ("Plaintiff has expressly stipulated within the content of my pleadings that the opposing Party(s) have individually and collectively violated federal law as it relates to the facts of my Complaint . . . ."); id. at ¶ 9 ("Plaintiff cited federal statutes and relevant case law precedents that substantiated my claims to be suitable to the standard of federal court jurisdiction . . . .").

For the foregoing reasons, Roman's Motion for Reconsideration is **DENIED**.
**SO ORDERED.**

Dated at New Haven, Connecticut this 26th day of September, 2017.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge